Argued June 20, affirmed in part, reversed in part and remanded
November 14, petition for review denied December 19, 1978, Sup Ct
review denied March 30, 1979, 285 Or 479

## STATE OF OREGON, *Respondent,*
### *v.*
## MICHAEL MULROONEY VAUGHN,
### aka MICHAEL POLK, *Appellant.*
## (Nos. 77-4587, 77-5554, 77-5555, CA 9969)
586 P2d 804

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette, and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Defendant was convicted, after a trial on stipulated facts to the court sitting without a jury, of three separate but related drug offenses.

The charges were contained in three indictments. The first indictment, in two counts, charged defendant with Tampering with Drug Records, former ORS 167.212,[1] on June 29, 1977. The second indictment charged defendant with Obtaining Drugs Unlawfully, former ORS 167.228,[2] on the same day. The third indictment charged defendant with Attempting to Obtain Drugs Unlawfully, former ORS 167.228,[3] on July 1, 1977.

After finding defendant guilty on all charges, the court found that the offenses which had occurred on June 29 merged.[4] The court then suspended imposition of sentence in the two surviving cases and placed defendant on four years probation. In this consolidated appeal, defendant's sole assignment of error is the

---

[1] ORS 167.212 was amended by Oregon Laws 1977, ch 745, § 34, effective July 1, 1978. At the time of this offense, ORS 167.212 provided:

"(1) A person commits the crime of tampering with drug records if he knowingly:

"(a) Alters, defaces or removes a narcotic or dangerous drug label affixed by a manufacturer, wholesaler or apothecary, except that it shall not be unlawful for an apothecary to remove or deface such a label for the purpose of filling prescriptions; or

"(b) Affixes a false or forged label to a package or receptacle containing narcotic or dangerous drugs; or

"(c) Makes or utters a false or forged prescription or false or forged official written order for narcotic or dangerous drugs; or

"(d) Makes a false statement in any narcotic or dangerous drug prescription, order, report or record required by ORS chapter 474 or 475.

"(2) Tampering with drug records is a Class C felony."

[2] ORS 167.228 was repealed by Oregon Laws 1977, ch 745, § 54, effective July 1, 1978. The former statute is set out at page 2-3, *infra.*

[3] *See* n 2, *infra.*

[4] We express no opinion with respect to the court's merger of these charges.

[ 193 ]

trial court's refusal to grant judgments of acquittal. We reverse in part.

The stipulated facts were that defendant contacted a Eugene doctor on June 29, 1978, and, using a false name and address, obtained from the doctor a prescription for the dangerous drug diazepam. In issuing the prescription, the doctor did not rely on the false name or address but rather on the physical symptoms and other information given by defendant.

Two days later, his prescription exhausted, defendant contacted the doctor in an attempt to obtain more pills. The doctor not only refused to renew the prescription, but told defendant that he was going to call the drugstore and cancel it. Defendant nonetheless attempted later that day to obtain more pills from the drugstore in question, and was refused.

Defendant's two sentences were based upon the same statute, ORS 167.228, which provided in pertinent part,

"(1) A person commits the crime of obtaining a drug unlawfully if he *obtains or procures* the administration of a narcotic or dangerous drug *by:*

"(a) The forgery or alteration of a prescription or any official written order; or

"(b) The concealment of a material fact; or

"(c) *The use or giving of a false name* or false address; or

"(d) Falsely representing himself to be a person authorized by law to obtain narcotic or dangerous drugs; or

"(e) Any other form of fraud, deceit or misrepresentation.

"* * * * *

"(3) Obtaining a drug unlawfully is a Class B felony." (Emphasis added.)

Defendant argues that his conviction under ORS 167.228(1)(c) was improper because the language "obtains or procures * * * by" must be read to mean "obtains or procures *by means of,*" and the stipulation

here is that the use of the false name and address did not play a role in the issuance of the prescription. We agree.

Defendant relies upon *State v Powell,* 212 Or 684, 321 P2d 333 (1958). In *Powell,* as in this case, defendant had obtained a prescription using a false name and, as in this case, the doctor had relied upon the reported symptoms—but not the false name—in prescribing the drug. Defendant there was charged under former ORS 474.170, which provided, in part,

"(1) No person shall obtain or attempt to obtain a narcotic drug, or procure or attempt to procure the administration of a narcotic drug:

"\* \* \* \* \*

"(d) By the use of a false name or the giving of a false address."

Former ORS 474.170 was a felony. At the same time, however, there existed a separate misdemeanor statute, ORS 475.060, which provided,

"(1) No person shall use any fraud, deceit, misrepresentation, subterfuge, conceal a material fact, use a false name or give a false address in obtaining treatment in the course of which narcotic drugs are prescribed or dispensed or in obtaining any supply of such drugs \* \* \*.

"\* \* \* \* \*

"(4) Violation of this section shall be punished, upon conviction, by a fine of not more than $500 or by imprisonment in the county jail not to exceed one year, or both."

The problem facing the Supreme Court in *Powell* was that defendant's conduct apparently offended two statutes, ORS 474.170 and 475.060, with unequal penalties. The court attributed to the felony statute a requirement that the use of the false name be material to the act of obtaining the drugs:

"The distinction to be drawn between ORS 474.170, which makes it a felony to obtain a narcotic by the use of a false name or the giving of a false address, and ORS 475.060, which makes it a misdemeanor to use a false name or give a false address, in obtaining treatment in

[ 195 ]

which narcotic drugs are prescribed or dispensed, lies in the use of the words in the felony statue *'to obtain a narcotic by the use of.'* These words must be construed as meaning "by means of;" that is, the using of the false name by the accused is a factor in obtaining or attempting to obtain the drug, while in ORS 475.060 reliance upon the false name or address plays no part in the offense. The crime arises under ORS 474.170 when, by reason of the use of the false name or address, the accused hopes to or does accomplish procurement of the narcotic itself * * *." *State v. Powell, supra,* 212 Or at 693. (Emphasis in original.)

■ As we see it, *Powell* was a case whose result was compelled by the rationale of *State v Pirkey:* it is unconstitutional for two different penal statutes to prescribe two different penalties for what is, in fact, the same offense. Thus, the State argues, it follows that the language of ORS 167.228[5] under which defendant was here charged must be construed in the same manner as was its predecessor in *Powell* only if there existed at the time some separate statute carrying a lesser penalty which also forbade the use of a false name in obtaining a prescription. There did not.

ORS 475.060 was repealed six months before *Powell* was decided. 1957 Or Laws, ch 587 § 12. Once the former misdemeanor statute was repealed, the distinction between the former misdemeanor statute and former felony statute as set out in *Powell* and required by *Pirkey* was no longer necessary. Thus, the State argues, we are not required to construe the language in ORS 167.228, "to obtain a narcotic by the use of a false name and address," to mean "by means of," as it was construed in *Powell.* Rather, ORS 167.228 is an expression of the legislative intent to proscribe generally the use of false names and addresses in connection with obtaining or attempting to obtain dangerous drugs.

---

[5]ORS 167.228, under which this defendant was prosecuted, was derived directly from former ORS 474.170. Commentary, Proposed Oregon Criminal Code (Final Draft and Report), 1970, § 278.

There is a good deal of merit in the State's position. The stipulated facts indicate that defendant did use a false name and address in attempting to obtain a dangerous drug. Such activity, if permissible, tends to frustrate other laws relating to the keeping of accurate records with regard to who is obtaining such drugs.[6] The legislature is entitled to prohibit such conduct. The question is: has it done so in ORS 167.228? We think not.

■■ In our view, the judicial construction of the language of the predecessor of ORS 167.228 is too clear to permit us to assume that the legislature thought it had altered the meaning of that language by merely repealing other statutes. It would have been easy for the legislature, either in 1959 or later, to amend the statute to forbid the use of a false name or address "in the *course* of" obtaining drugs, thereby explicitly setting out a new rule. The legislature did not do so. We cannot remedy that omission—if omission it was—by *fiat.* Defendant's convictions under ORS 167.228 must be reversed.

■ Under this same assignment of error defendant also challenges his conviction—now merged for sentencing purposes—for tampering with drug records, ORS 167.212. He contends that, under *Powell,* a person who presents a prescription with a false name and address under facts such as those stipulated to here does not violate the statute.

We find *Powell* less pertinent here than with respect to the charges of violating ORS 167.228. The stipulated facts show defendant twice offered a prescription to a pharmacist, knowing the person named in the prescription did not exist. That was "utter[ing] a false * * * prescription" under ORS 167.212.

Affirmed in part, reversed in part, and remanded for resentencing.

---

[6] *See, e.g.,* former ORS 474.060 (repealed Oregon Laws 1977, ch 745, § 54). *See also* ORS 475.165; 475.185; 475.993(1)(c).